**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martha Torres,<br><br>    Plaintiff,<br><br>v.<br><br>QuikTrip Corporation, et al.,<br><br>    Defendants. | No. CV-22-00841-PHX-JAT<br><br>**ORDER** |

  Pending before the Court is Defendant QuikTrip Corporation's ("Defendant") motion to seal Exhibit 1, which is attached to Defendant's motion for summary judgment. (Doc. 67). Exhibit 1 is video surveillance footage of the QuikTrip gasoline bay area from the night of the incident in this case. (Doc. 65-1).

  The public has a general right to inspect judicial records and documents, such that a party seeking to seal a judicial record must overcome "a strong presumption in favor of access." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To do so, the party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79 (internal quotation marks and citations omitted). The Court must then "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (internal quotation marks omitted). "After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without

relying on hypothesis or conjecture." *Id.* (internal quotation marks omitted). The "stringent" compelling reasons standard applies to all filed motions and their attachments where the motion is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096, 1101 (9th Cir. 2016). A motion for summary judgment is clearly such a motion, and the "compelling reasons" standard applies to the motion and its exhibits.

In January 2024, Defendant's counsel submitted a similar motion to seal in another QuikTrip case in this district. This Court adopts the same reasoning:

> Defendant argues that "the public's interest in viewing the subject slip and fall on the surveillance video is not at all compelling" because Defendant's motion "describes in detail the key events that are shown on the video that are relevant to its liability argument." That argument lacks merit. A description in a motion has no evidentiary value; a video exhibit does. To the extent members of the public may be interested in this case, they would likely be interested in this evidence, and they have a right of access to it unless Defendant has compelling reasons that outweigh the public policies favoring disclosure. Defendant's argument turns the *Kamakana* standard on its head—it is not incumbent upon the *public* to have compelling reasons to have access to litigation materials but rather it is incumbent upon Defendant to provide compelling reasons why the public's general right of access should be curtailed. . . . Thus, Defendant has not provided compelling reasons to submit [the exhibit] under seal.

*Lux v. QuikTrip Corp.*, No. CV-22-01754-PHX-DWL, 2024 WL 4785689, at *1 (D. Ariz. Jan. 31, 2024) (internal citations omitted). "Moreover, many of [Defendant's] security concerns are belied by screenshots from the same security footage attached elsewhere." *Peera v. Costco Wholesale Corp.*, No. 22-CV-05649-NC, 2023 WL 7106886, at *2 (N.D. Cal. Sept. 20, 2023); (Doc. 69 at 3-4; Doc. 69-1 at 2-3; Doc. 69-2 at 2; Doc. 70 at 13; Doc. 70-7 at 2).

In *Lux*, Defendant's counsel proffered a remedy not offered here: to "submit a modified version of the video clip that does not require use of the software to play, does not reveal the entire scope of what is captured by the camera, and does not reveal Defendant's proprietary business practices or areas of Defendant's store that are not accessible to the public." *Id.* The Court, seeing no reason why this alternative remedy is not equally workable in this case, finds that Defendant may submit a modified version of

the video in the public record.[1]

Accordingly,

**IT IS ORDERED** that Defendant's motion to seal (Doc. 67) is **DENIED**. If Defendant wants the Court to consider Exhibit 1, Defendant must resubmit the exhibit for filing in the public record within five (5) days of entry of this order, in accordance with LRCiv 5.6(e).

Dated this 19th day of February, 2025.

James A. Teilborg
Senior United States District Judge

---

[1] Here, too, "Defendant should ensure that whatever it needs to rely on for evidentiary support is contained in the modified version of the video." *Lux*, 2024 WL 4785689, at *1 n. 1.