WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martha Torres,<br><br>           Plaintiff,<br><br>v.<br><br>QuikTrip Corporation,<br><br>           Defendant. | No. CV-22-00841-PHX-JAT<br><br>**ORDER** |

On March 11, 2025, the Court issued the following Order:

> **IT IS ORDERED** that counsel must confer among themselves and with their respective witnesses and file a joint notice by March 21, 2025, which includes: 1) an estimated length of trial; 2) whether a jury trial was demanded; and 3) proposes at least two dates on which the parties will be prepared to begin trial in this case (these dates must allow trial to conclude by September 5, 2025).

(Doc. 78).

In response to this Order, the parties filed a statement which includes:

> Plaintiff's counsel's trial calendar and deposition calendar is extremely congested, which means that Plaintiff's counsel's first availability for trial is the last week in August. However, Plaintiff has not been able to confirm with the various medical providers that they would be available in late August to appear at a trial. In addition, Defendant's counsel will be out of town from September 3, 2025 through September 8, 2025, which means the trial would have to commence on a date before Plaintiff's counsel would be available. Due to these factors, the parties agree and jointly propose a trial to be scheduled for some time after February 9, 2026.

(Doc. 81).

The Court does not find Plaintiff's counsel's response–that he is so busy he does

not have time to try this six-day slip and fall for almost one year–to be reasonable. Counsel's client claims to have significant injuries from her fall. The Court cannot conclude that it serves the public's interest in expeditious resolution of cases, Defendant's interest in concluding this case, nor Counsel's own client's interests in attempting to receive compensation, to delay this case until after February 9, 2026.[1]

In summary, the Court finds that the March 11, 2025 Order, giving counsel approximately six months to bring this case to trial, was not unreasonable.[2] Since the information provided by the parties is of scant help, the Court will pick a trial date. Because counsel chose not to take the previous two weeks to contact witnesses regarding their availability, if a witness is unavailable, counsel must move to take a trial deposition. In other words, witness unavailability will not be a basis for a continuance.

Accordingly,

**IT IS ORDERED** setting a jury trial to begin Tuesday, August 5, 2025, at 9:00 a.m. Order setting final pretrial conference to follow.

Dated this 25th day of March, 2025.

James A. Teilborg
Senior United States District Judge

---

[1] *See Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir. 1986) (discussing failure to prosecute under Federal Rule of Civil Procedure 41(b) and considering factors including the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to the defendants).

[2] *See* Arizona Rule of Professional Conduct 1.3 Diligence: Comment [2] "A lawyer's work load must be controlled so that each matter can be handled competently." *See also* Arizona Rule of Professional Conduct 1.3 Diligence: Comment [3] "…A client's interests often can be adversely affected by the passage of time or the change of conditions;…. Even when the client's interests are not affected in substance, however, unreasonable delay can cause a client needless anxiety and undermine confidence in the lawyer's trustworthiness. A lawyer [has a] duty to act with reasonable promptness…."